William P. Frank
Matthew J. Matule (*pro hac vice* to be filed)
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

**'08  CIV  6980**

Counsel for Plaintiff
EIM Management (USA) Inc.

RECEIVED
AUG 05 2008
JUDGMENT CLERK'S
OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EIM MANAGEMENT (USA) INC.,                :

                     Plaintiff,      :      Civil Action
                              No. _____

      v.                                :

JOHN DOES 1-10,                           :

               Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFF EIM MANAGEMENT (USA) INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EX PARTE MOTION FOR LIMITED EXPEDITED DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(d), plaintiff EIM Management

(USA) Inc. ("EIM") respectfully requests leave to immediately conduct limited expedited

discovery of non-parties that EIM believes are in possession of information sufficient to identify

the John Doe Defendants in this action.

### PRELIMINARY STATEMENT

This action concerns the John Doe Defendants' intentional misappropriation of

EIM's valuable name and trademark to take advantage of EIM's goodwill and reputation for the

purposes of perpetrating a fraudulent scheme on the public.  Specifically, the John Doe

Defendants have engaged in the fraudulent and deceptive practices of (i) registering and using

Internet domain names confusingly similar to EIM's valuable name and trademark and (ii)

creating, maintaining and operating Internet websites that improperly and illegally use EIM's

valuable name and trademark without authorization in connection with a scheme intended to

defraud Internet users into providing the defendants with funds on the promise of a rate of return

on those funds of up to 25000% within 72 hours.

EIM seeks leave to immediately take limited expedited document discovery

narrowly tailored to seek only documents and information sufficient to identify the individuals or

entities who registered the Internet domain names eimtrust.com and eimtrust.net.  Specifically,

EIM seeks leave to serve subpoenas on six specific entities that it has reason to believe possess

documents sufficient to identify the John Doe Defendants.   Those narrow proposed subpoenas to

AOL LLC, the California Public Utilities Commission, e-Bullion, e-gold, eNom, Inc. and Yahoo!

Inc. are attached hereto as Exhibits A-F.  Without this required discovery, EIM will be unable to

identify the John Doe Defendants who are perpetrating the unlawful activity described in this

action, and therefore EIM will be significantly hindered in its ability to pursue this lawsuit and

prosecute the claims alleged in its Complaint.

## BACKGROUND FACTS

Set forth below is a brief outline of the actions of the John Doe Defendants that

have given rise to this action.  Additional background facts are pled in more detail in EIM's

Complaint and the supporting Declaration of Antonio Munoz, Chief Executive Officer of EIM.

In or around April 2008, the John Doe Defendants registered the eimtrust.com

domain name and created an Internet website available at www.eimtrust.com (the "First EIM

Trust Website") that used EIM's trademarked name and trademarked logo without authorization.

(Declaration Of Antonio Munoz In Support Of EIM Management (USA) Inc.'s Ex Parte Motion

For Limited Expedited Discovery ¶¶ 14-16 & Exs. A, C (cited as "Munoz Decl. ¶ __").)  The First EIM Trust Website instructed Internet users to deposit money into their EIM Trust account using one of several payment processing services, such as e-gold, Liberty Reserve, e-Bullion or Me-Gold.  (See id. Ex. C.)  The First EIM Trust Website boasted potential profits of 25,000% in just 72 hours.  (Id.)  EIM discovered the First EIM Trust Website on May 21, 2008 and, after discussions with the website's registrar, the First EIM Trust Website was disabled.  (Id. ¶¶ 17-18.)

Less than one week later, on May 25, 2008 the John Doe Defendants registered a second domain name, this time eimtrust.net, and created a second fraudulent website available at www.eimtrust.net that also used EIM's trademarked name and trademarked logo without authorization and was otherwise nearly identical to the First EIM Trust Website (the "Second EIM Trust Website").  (Id. ¶¶ 20-21 & Exs. A, C.)  EIM discovered the Second EIM Trust Website on June 10, 2008 and, after discussions with the website's registrar, the Second EIM Trust Website was disabled.  (Id. ¶¶ 22-23.)

The names and addresses associated with the eimtrust.com and eimtrust.net domain names in the publicly available WHOIS database are facially fraudulent and unintelligible.  (See id. Exs. A & B.)  EIM has on two occasions notified several governmental investigative bodies and agencies (see id. Exs. D & F), however EIM has not been able to learn any further information regarding the identities of the John Doe Defendants.  In light of the John Doe Defendants' creation of a second fraudulent website after EIM successfully shut down the First EIM Trust Website, EIM has reason to believe that the John Doe Defendants are likely to continue creating similar fraudulent websites that unlawfully use EIM's name and goodwill.

**ARGUMENT**

I.    **THIS COURT HAS HELD THAT EXPEDITED DISCOVERY IS APPROPRIATE TO IDENTIFY UNKNOWN JOHN DOE DEFENDANTS**

The Federal Rules of Civil Procedure expressly provide that a court may allow expedited discovery prior to a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).[1] This Court has repeatedly granted leave to conduct expedited discovery and issue Rule 45 subpoenas for the purpose of identifying unknown defendants where the plaintiff shows good cause. See, e.g., Order, Warner Bros. Records Inc. v. Does 1-149, No. 1:05-cv-08365 (S.D.N.Y. Jan. 20, 2006) (granting plaintiffs' ex parte motion for expedited discovery and authorizing the issuance of Rule 45 subpoenas seeking "information sufficient to identify each [John] Doe Defendant, including name, address, [and] telephone number");[2] Order, Motown Records Co., L.P. v. Does 1-9, No. 05-cv-09112-NRB (S.D.N.Y. Dec. 15, 2005) (granting plaintiffs' motion to serve immediate discovery to obtain the identities of John Doe defendants where plaintiffs demonstrated "good cause for expedited discovery"); Order, Elektra Entm't Group Inc. v. Does 1-9, No. 1:04-cv-02289-RWS (S.D.N.Y. Mar. 23, 2004) (granting motion for leave to take expedited discovery to identify unknown John Doe defendants); Order, Capitol Records, Inc. v. Does 1-250, No. 04-cv-00472(LAK)(HBP) (S.D.N.Y. Jan. 26, 2004) (same).[3]

---

[1]    Indeed, the Advisory Committee's note to Rule 26 contemplates a scenario in which a discovery conference is impracticable, which is plainly the case here since the identities of the John Doe Defendants are unknown. See Fed. R. Civ. P. 26 advisory committee's note ("[T]he court may want to exempt [from the Rule 26(f) conference requirement] cases . . . in which a meeting of the parties might be impracticable.").

[2]    All cases and orders cited herein are contained in the accompanying Appendix Of Cases And Orders Cited In Plaintiff EIM Management (USA) Inc.'s Memorandum Of Law In Support Of Its Ex Parte Motion For Limited Expedited Discovery.

[3]    See also Warner Bros. Records, Inc. v. Does 1-14, No. 8:07-CV-625-T-24TGW, 2007 WL 4218983, at *1 (M.D. Fla. Nov. 29, 2007) ("[I]f there is a good-cause requirement [for expedited discovery], it has been shown here, because the plaintiffs have demonstrated that they

## II.   EIM HAS DEMONSTRATED GOOD CAUSE TO JUSTIFY LIMITED EXPEDITED DISCOVERY IN THIS CASE

In analyzing the good cause standard, courts have considered several factors: (i) whether the defendants' identities are unknown and the plaintiff effectively requires expedited discovery to move the case forward, (ii) whether the information sought potentially could be destroyed absent expedited discovery and (iii) the balance of any prejudice against the need for expedited discovery.  See Zomba Recordings LLC v. Does 1-24, No 3:07-cv-448, 2008 WL 123839, at *1 (E.D. Tenn. Jan. 10, 2008) (granting leave to take immediate discovery and serve subpoenas to identify unknown John Doe defendants); Merrimack Pharm., Inc. v. John Doe, No. 07-cv-10592-JLT (D. Mass. Mar. 28, 2007) (Docket Entry) (authorizing plaintiff to serve subpoena to learn the identity of an unknown defendant).  Each of these factors weigh strongly in favor of granting EIM's motion.[4]

As to the first factor regarding identity and need, EIM has demonstrated good cause to conduct immediate expedited discovery because EIM must obtain critical information

---

need the information in an attempt to identify individuals . . . ."); Order, Moldflow Corp. v. John Does 1-154, No. 07-cv-10722 (D. Mass. Oct. 5, 2007) (granting motion for leave to take expedited discovery to identify an unknown John Doe defendant); Interscope Records v. John Doe, No. 1:04-cv-12435-NG (D. Mass. Dec. 9, 2004) (granting plaintiff's motion for leave to take expedited discovery "to identify [the] defendant").

[4]    Although cases arising in the Internet file sharing context may implicate potential First Amendment or free speech rights, none of those considerations are relevant to the conduct of the John Doe Defendants at issue in this case.  This action concerns solely the John Doe Defendants' willful attempts to defraud the public by using EIM's valuable name and trademark on sham websites -- conduct that is entirely lacking in good faith and is repeatedly denied the status of protected speech.  See Elektra Entm't Group Inc. v. Does 1-9, 2004 WL 2095581, No. 04-cv-2289(RWS) (S.D.N.Y. Sept. 8, 2004) (denying John Doe defendant's motion to quash subpoena, reasoning that "the First Amendment does not protect" infringement of another's intellectual property interests (internal quotation marks omitted)); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (rejecting John Doe defendant's assertion of the First Amendment as grounds to quash the subpoena because the "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process" to pursue their claims).

from third parties to learn the identities of the John Doe Defendants and continue this litigation --

a fact that several courts have recognized as an independently sufficient justification for

authorizing expedited discovery. Best W. Int'l, Inc. v. Doe, No. CV-06-1537-PHX-DGC, 2006

WL 2091695, at *1-2 (D. Ariz. July 25, 2006) (reasoning that the plaintiff's inability to learn the

identity of the defendants other than by subpoena was -- by itself -- good cause to allow

expedited discovery); see Capitol Records, Inc. v. Doe, No. 07-cv-1570-JM (POR), 2007 WL

2429830, at *1 (S.D. Cal. Aug. 24, 2007) (granting leave to serve subpoenas reasoning that such

discovery will "substantially contribute to moving th[e] case forward").[5]

      Without information sufficient to identify the John Doe Defendants, EIM cannot

serve process, nor can it ask this Court for injunctive relief against the John Doe Defendants'

actions. This information is critical because EIM is unaware of the scope and nature of the harm

potentially caused by the www.eimtrust.com and www.eimtrust.net websites, or whether the

John Doe Defendants are taking affirmative actions to develop additional similar websites or are

likely to do so in the future.

      As to the second factor regarding spoliation, there is a danger that evidence of the

John Doe Defendants' identities will be destroyed absent expedited discovery. See Warner Bros.

Records Inc. v. Does 1-20, No. 07-cv-01131-LTB-MJW (D. Colo. June 5, 2007) (allowing

expedited discovery and service of subpoenas reasoning that the information sought might

---

[5]     See also Arista Records LLC v. Does 1-7, No. 3:08-CV-18 (CDL), 2008 WL 542709, at
*1-2 (M.D. Ga. Feb 25, 2008) (holding that the plaintiff demonstrated good cause to justify
expedited discovery where the plaintiff had "no other way to obtain the most basic information
about the alleged infringers"); Zomba Recordings LLC v. Does 1-24, No 3:07-cv-448, 2008 WL
123839, at *1 (E.D. Tenn. Jan. 10, 2008) ("Without disclosure of the identities of the Doe
Defendants, the present litigation cannot proceed, as the plaintiffs would be unable to effect
service of process upon the defendants."); Laface Records, L.L.C. v. Does 1-5, No. 2:07-cv-187,
2007 WL 2867351, at *3 (W.D. Mich. Sept. 27, 2007) (reasoning that the plaintiff had good
cause to conduct discovery to learn identities of Doe defendants prior to a Rule 26(f) conference
in part because such discovery is necessary for such a case to move forward).

otherwise be destroyed); <u>UMG Recordings, Inc. v. Does 1-4</u>, No. 06-0652 SBA (EMC), 2006

WL 1343597, at *1-2 (N.D. Cal. Mar. 6, 2006) (finding good cause for expedited discovery

where evidence may be altered or destroyed).[6]  Specifically, there is a danger that the vital

contact information EIM seeks in this case may be deleted, discarded or overwritten.

   As to the third factor regarding balancing interests, EIM has demonstrated good

cause to conduct expedited discovery because the attached proposed Rule 45 subpoenas are

narrowly tailored to seek only documents sufficient to identify discrete factual information

concerning the identities of the John Doe Defendants.  <u>Capitol Records, Inc.</u>, 2007 WL 2429830,

at *1 (reasoning that subpoenas "seeking documents that identify Defendant's true name, current

and permanent address[es]" were narrowly "tailor[ed] to advance this lawsuit without prejudicing

the defendant"); <u>see</u> <u>Warner Bros. Records, Inc.</u>, 2007 WL 4218983, at *1-2 ("Significantly, the

only discovery that is being permitted prior to the Rule 26 conference is the production of

information that may lead to the identity of the Does.  It is reasonable to carry out this very

limited discovery before the Rule 26 process begins.").

   At this time, EIM is only seeking leave to serve Rule 45 subpoenas on six specific

entities that it has reason to believe possess such information:

---

[6] <u>See also</u> <u>Zomba Recordings LLC</u>, 2008 WL 123839, at *1 (citing "a likelihood that the information required by the plaintiffs [would otherwise] be destroyed" in granting plaintiff's motion for expedited discovery); <u>Interscope Records v. Does 1-14</u>, No. 5:07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (reasoning that the possibility that data regarding users would be destroyed alone warranted immediate service of subpoenas in order to identify unknown John Doe defendants); <u>Laface Records, L.L.C.</u>, 2007 WL 2867351, at *1 (reasoning that the danger that the subpoena recipient would not preserve the information sought weighed in favor of a finding that the plaintiff had good cause to conduct expedited discovery); <u>Best W. Int'l, Inc.</u>, 2006 WL 2091695, at *1-2 (holding that the possibility that computer records would be destroyed constituted good cause to allow expedited discovery prior to a Rule 26(f) conference).

(1)    AOL LLC, the email service provider for the email address identified in the public WHOIS database as being associated with the eimtrust.com domain name (see Compl. Ex. A);

(2)    the California Public Utilities Commission, the organization that regulates private telephone companies in California, which likely has information as to which service provider issued the telephone number identified in the public WHOIS database as being associated with the eimtrust.com domain name (see id. Ex. A);

(3)    e-Bullion and e-gold, the two U.S.-based financial payment processing services identified on the www.eimtrust.com and www.eimtrust.net websites (see id. Ex. C);

(4)    eNom, Inc., the registrar of the eimtrust.com and eimtrust.net domain names (see id. Ex. A & B); and

(5)    Yahoo! Inc., the email service provider for the email address identified in the public WHOIS database as being associated with the eimtrust.net domain name (see id. Ex. B).

In light of EIM's demonstrated need for this limited discovery to identify the John Doe Defendants and prosecute this action, the potential for the destruction of the information EIM seeks, and the absence of prejudice associated with the proposed subpoenas, the Court should grant EIM's motion and allow this limited expedited discovery.

## CONCLUSION

For the foregoing reasons, the Court should grant EIM's motion and grant EIM leave to immediately conduct limited expedited discovery to ascertain the identities of the John Doe Defendants.

Dated: August 5, 2008
      New York, New York

Respectfully submitted,

William P. Frank
Matthew J. Matule (*pro hac vice* to be filed)
Scott D. Brown
Christopher G. Clark
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

-- and --

One Beacon Street
Boston, Massachusetts 02108
Telephone:  (617) 573-4800
Facsimile:  (617) 573-4822
wfrank@skadden.com
mmatule@skadden.com
sbrown@skadden.com
cclark@skadden.com

Counsel for Plaintiff
EIM Management (USA) Inc.

# EXHIBIT A

AO88  (Rev. 12/07) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### Southern District of New York

EIM Management (USA) Inc.

V.

John Does 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

(Pending in USDC for the
Southern District of New York)

TO:   AOL LLC
770 Broadway
New York, New York 10003

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE          Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square, New York, New York 10036 | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Counsel for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A:**
**DOCUMENTS TO BE PRODUCED**

      1.     Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the individual or entity who established the email address forexcxy@aol.com in connection with the establishment, and/or use of that email address.

## DEFINITIONS AND INSTRUCTIONS

EIM Management (USA) Inc. incorporates by reference the Uniform Definitions in Discovery Requests in Local Rule 26.3 of the United States District Court for the Southern District of New York.

(A)    "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)    "AOL LLC" or "you" means AOL LLC and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of AOL LLC.

(C)    The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(D)    The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to, documents concerning the email address forexcxy@aol.com.

(E)    The term "person" includes natural persons, or any business, legal or governmental entity or association.

(F)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(G)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(H)    Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(I)    All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(J)    If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(K)    In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(L)    If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(M)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and any Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if AOL LLC obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(N)    Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Central District of California

EIM Management (USA) Inc.

V.

John Does 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

(Pending in USDC for the
Southern District of New York)

TO:   California Public Utilities Commission
      Los Angeles Office
      320 West 4th Street, Suite 500
      Los Angeles, California 90013

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Schedule A attached hereto.

| PLACE     Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071 | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                Counsel for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                          _____
                                          ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A:**
**DOCUMENTS TO BE PRODUCED**

     1.     Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the individual or entity with the telephone number (626) 728-9102 in connection with obtaining or maintaining that telephone number.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply:

(A)    "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)    "California Public Utilities Commission" or "you" means the California Public Utilities Commission and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of the California Public Utilities Commission.

(C)    The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(D)    The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to, documents concerning the telephone number (626) 728-9102.

(E)    The term "person" includes natural persons, or any business, legal or governmental entity or association.

(F)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(G)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(H)    Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(I)    All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(J)    If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(K)    In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(L)    If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(M)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and any Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if the California Public Utilities Commission obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(N)    Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.

# EXHIBIT C

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Central District of California

EIM Management (USA) Inc.

V.

John Does 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

(Pending in USDC for the
Southern District of New York)

TO:   e-Bullion
      c/o James Fayed
      2713 Antonio Avenue, #105
      Camarillo, California 93010

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE      Skadden, Arps, Slate, Meagher & Flom LLP<br>300 South Grand Avenue, Suite 3400, Los Angeles, California 90071 | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Counsel for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A:
## <u>DOCUMENTS TO BE PRODUCED</u>

1.    Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the individual or entity who established the Account in connection with the establishment, and/or use of the Account.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply:

(A)    "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)    "EIM Trust Websites" means the websites previously made available at www.eimtrust.com and  www.eimtrust.net.

(C)    "e-Bullion" means the individual or entity responsible for managing any Account and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of e-Bullion.

(D)    "Account" means account number D80906 or any other account concerning or affiliated with the EIM Trust Websites.

(E)    The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(F)    The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to documents concerning the management, operation of, and transactions involving any account.

(G)    The term "person" includes natural persons, or any business, legal or governmental entity or association.

(H)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(I)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(J)    Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(K)    All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(L)    If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(M)    In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(N)    If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(O)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if e-Bullion obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(P)    Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.

# EXHIBIT D

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Middle District of Florida

EIM Management (USA) Inc.

V.

John Does 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

(Pending in USDC for the
Southern District of New York)

TO:  e-gold
c/o Doug Jackson
Gold & Silver Reserve Inc.
175 E Nasa Boulevard, Suite 300
Melbourne, Florida 32901

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE    Hilton Melbourne Rialto Place, 200 Rialto Place<br>Melbourne, Florida 32901 | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Counsel for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, 31st Floor, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
      The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A:**
**DOCUMENTS TO BE PRODUCED**

       1.      Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the individual or entity who established the Account in connection with the establishment, and/or use of the Account.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply:

(A)     "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)     "EIM Trust Websites" means the websites previously made available at www.eimtrust.com and www.eimtrust.net.

(C)     "e-gold" means the individual or entity responsible for managing any Account and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of e-gold.

(D)     "Account" means account number 5404913 or any other account concerning or affiliated with the EIM Trust Websites.

(E)     The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(F)     The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to documents concerning the management, operation of, and transactions involving account number 5404913.

(G)     The term "person" includes natural persons, or any business, legal or governmental entity or association.

2

(H)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(I)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(J)    Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(K)    All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(L)    If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(M)    In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(N)    If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(O)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if e-gold obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(P)    Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.

# EXHIBIT E

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Western District of Washington

EIM Management (USA) Inc.

V.

John Does 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

(Pending in USDC for the
Southern District of New York)

TO:   eNom, Inc.
      15801 NE 24th Street
      Bellevue, Washington 98008

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE     Hilton Bellevue Hotel, 300 112 th Avenue, NE<br>Bellevue, Washington 98004 | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Counsel for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A:**
**DOCUMENTS TO BE PRODUCED**

       1.      Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the registrant of the domain names eimtrust.com and eimtrust.net in connection with the registration, and/or use of those domain names.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply:

(A)    "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)    "eNom, Inc." or "you" means eNom, Inc. and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of eNom, Inc.

(C)    The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(D)    The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to documents involving the registration of domain names eimtrust.com and eimtrust.net.

(E)    The term "person" includes natural persons, or any business, legal or governmental entity or association.

(F)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(G)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(H)    Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(I)    All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(J)    If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(K)    In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(L)    If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(M)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and any Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if eNom, Inc. obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(N)    Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.

# EXHIBIT F

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Central District of California

| | |
|---|---|
| EIM Management (USA) Inc. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| John Does 1-10 | Case Number:[1] _____ |
| | (Pending in USDC for the Southern District of New York) |

TO:   YAHOO! INC.
        701 First Avenue
        Sunnyvale, California 94089

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

> See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP 525 University Avenue, Suite 1100, Palo Alto, California 94301 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, Boston, Massachusetts 02108, Phone No. (617) 573-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A:**
**<u>DOCUMENTS TO BE PRODUCED</u>**

       1.      Documents sufficient to identify all names, postal addresses, telephone numbers, electronic mail addresses, billing information and/or other personally identifiable information submitted by the individual or entity who established the email address rate_world@yahoo.com in connection with the establishment, and/or use of that email address.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply:

(A)    "EIM Management (USA) Inc." means Plaintiff EIM Management (USA) Inc.

(B)    "Yahoo!" or "you" means Yahoo! Inc. and includes all present and former employees, servants, agents, principals, officers, trustees, partners, management companies, family members, and any other business entities or persons acting for or on behalf of Yahoo! Inc.

(C)    The term "communication" is used in the broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether written or oral, and includes without limitation all forms of electronic mail, voice mail or other recorded forms of communication.  It includes, but is not limited to, documents, meetings and conversations.

(D)    The term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether typed, printed, recorded, written out by hand, photographed, microfilmed, microfiched, or reproduced by any other mechanical or electronic process, including any information maintained on computer memory disk or electronic or magnetic media, whether or not printed out, and any information to which you have access by reason of any computer, including, without limitation: agreements; contracts; communications, including intra-company communications; correspondence; e-mails; envelopes; telegrams; telecopies; telefacsimiles; memoranda; agenda; books; summaries of records of personal or telephone conversations or interviews; telephone logs; diaries; articles; newspapers; circulars; brochures; pamphlets; forecasts; statistical statements; accountants' work papers; graphs; charts; slides; drawings; diagrams; films; video tapes; visual aids; audio tapes; compact discs or CD-ROMs; accounts; analytical records; worksheets; worksheet files; spreadsheets; word processor files; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisers' records; reports or summaries of negotiations; trade letters; press releases; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other document or writings of whatever description.  The term "document" expressly includes documents maintained in electronic form, including but not limited to, documents concerning the rate_world@yahoo.com email address.

(E)    The term "person" includes natural persons, or any business, legal or governmental entity or association.

(F)    The term "concerning" means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing, or in any way pertaining to.

(G)    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

(H)     Each request for documents seeks the production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

(I)     All documents are to be produced as they are kept in the usual course of business so that EIM Management (USA) Inc. can ascertain the file in which they are located, their relative order in such files and how such files are maintained.

(J)     If any document covered by this Subpoena is withheld by reason of a claim of privilege or exemption, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Subpoena to which such document relates.

(K)     In the event that any document called for by this Subpoena has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Subpoena, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

(L)     If you have any objections to this Subpoena, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

(M)     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and any Local Rule analog, this Subpoena shall be deemed continuing so as to require further and supplemental production if Yahoo! Inc. obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

(N)     Unless otherwise specified herein, the relevant time period for the discovery requested shall be from January 1, 2007 until the present.